**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

YESIM KARTAL, *

Plaintiff, *

v. *

ANTONIO DONIS ET AL., * Civil No. 25-3846-BAH

Defendants. *

* * * * * * * * * * * * * *

**ORDER**

Plaintiff Yesim Kartal ("Plaintiff"), who is proceeding pro se, filed this action claiming unreasonable delay under the Administrative Procedure Act, 5 U.S.C. §§ 555(b) and 706(1), and seeking a writ of mandamus compelling U.S. Citizenship and Immigration Services to adjudicate the I-589 (application for asylum, withholding of removal, and withholding of removal under the Convention Against Torture) she had filed on October 18, 2021. *See* ECF 1. Defendants moved to dismiss the complaint as moot on July 29, 2026, asserting that Plaintiff's application had been granted. *See* ECF 14, at 1; ECF 14-1 (July 22, 2026 email from Plaintiff to defense counsel noting that Plaintiff had "received notification that [her] asylum case has been approved"). Defendants contend that the case should now be dismissed as moot because the relief sought by bringing the complaint has now been granted. *See* ECF 14, at 1–2. Plaintiff's position on the motion is not clear. *Id.* The Court mailed Plaintiff a Rule 12/56 notice on July 30, 2026. ECF 15.

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a complaint for a lack of subject matter jurisdiction and "governs motions to dismiss for mootness . . . , which pertain[s] to subject matter jurisdiction." *Stone v. Trump*, 400 F. Supp. 3d 317, 333 (D. Md. 2019). "The doctrine of mootness constitutes a part of the constitutional limits of federal court

jurisdiction, which extends only to actual cases or controversies." *Fleet Feet, Inc., v. Nike, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021) (quoting *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). This means that, throughout the litigation, a plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis*, 494 U.S. at 477).

In a factual challenge to the Court's subject matter jurisdiction, "the district court may [] go beyond the allegations of the complaint and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (additional citations omitted) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff [even a pro se plaintiff], the party asserting jurisdiction." *Adams*, 697 F.2d at 1219; *Adams v. Royal Park Nursing & Rehab.*, No. 20-cv-634, 2021 WL 4462914, at *3 (W.D.N.C. Sept. 29, 2021) (explaining that "a pro se plaintiff must still prove that subject-matter jurisdiction exists"). Thus, the Court properly considers the exhibit attached to Defendants' motion to dismiss. *See* ECF 14-1.

"Federal courts have routinely concluded that immigration mandamus actions are moot where, as here, the agency has rendered the requested adjudication." *Tran v. Holder*, Civ. No. DKC-10-2503, 2011 WL 3236098, at *2 (D. Md. July 27, 2011) (collecting cases); *Watkins v. Napolitano*, Civ. No. RWT 11-2257, 2012 WL 4069763, at *3 (D. Md. Sept. 14, 2012) (dismissing unreasonable delay APA claim and mandamus claim as moot when USCIS adjudicated underlying

petition); *Mohammed v. Holder*, 695 F. Supp. 2d 284, 289 (E.D. Va. 2010) (citing *Akinmulero v. Holder*, 347 F. App'x 58, 60–61 (5th Cir. 2009)) (same).

Here, it appears clear that Plaintiff's asylum application has been granted, meaning that she has received the relief sought in the complaint. ECF 14-1. As such, Plaintiff's complaint is moot and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). The Court will dismiss the complaint accordingly, subject to a motion to reconsider by Plaintiff given that she has not responded to the motion to dismiss.

Accordingly, it is this 30th day of July, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendants' motion to dismiss, ECF 14, is GRANTED;
2. Plaintiff's complaint is dismissed as moot pursuant to Fed. R. Civ. P. 12(b)(1);
3. Plaintiff may move to reconsider this dismissal by August 28, 2026, if Plaintiff's complaint is not, in fact, moot; and
4. The Clerk SHALL SEND a copy of this Order to Plaintiff and counsel of record.

________/s/____________________
Brendan A. Hurson
United States District Judge